[Civ. No. 2045. Third Appellate District.—September 25, 1919.]

VALLEJO HIGH SCHOOL DISTRICT OF SOLANO COUNTY, Petitioner, v. DAN H. WHITE, as County Superintendent of Schools, etc., Respondent.

[1] SCHOOL LAW—EMPLOYMENT AND DISCHARGE OF TEACHERS—CONFLICT BETWEEN STATE AND MUNICIPAL LAW.—The government of schools and the employment and discharge of teachers are not municipal affairs, and. by virtue of the provisions of article XI, section 8, of the constitution, whenever a conflict arises between the provisions of the state law and the provisions of a city charter, the state law controls.

[2] ID.—NOTICE OF TERMINATION OF SERVICES—RIGHT OF APPEAL TO COUNTY SUPERINTENDENT OF SCHOOLS.—Where a high school district after the first but before the tenth day of June of a given year, in writing, notifies the principal of the high school that his services will not be required after June 30th, such principal is not re-employed for the fiscal year beginning July 1st, following, and thereafter he is not a teacher in the employ of the high school district, and the county superintendent of schools has no authority or power to entertain his appeal for reinstatement or to reinstate him in his office as principal of the high school in that district.

PROCEEDING in Certiorari to review the action of the county superintendent of schools in reinstating a high school principal. Order for reinstatement set aside.

The facts are stated in the opinion of the court.

Breed & Burpee for Petitioner.

Arthur Lindauer, District Attorney, for Respondent.

.ELLISON, P. J., *pro tem.*—The petition sets forth that the petitioner is a high school corporation; that the respondent is county superintendent of schools of Solano County, California; that the petitioner school district is composed of the city of Vallejo and adjacent territory of an area of approximately the same as the city of Vallejo; that prior to the year 1918 petitioner employed one Carl H. Nielsen, as principal of said high school, and he acted as such until the thirtieth day of June, 1919, at which time his employment ceased; that after the first day of June, and before the tenth day of June, 1919, petitioner, in writing, duly notified said Carl H. Nielsen that his services as principal of said high school would not be required after June 30, 1919, and that this notice was served upon him before the tenth day of June, 1919; that thereafter said Nielsen appealed to respondent as county superintendent of schools and asked that the action of the board of trustees of petitioner be reversed and he be reinstated as principal of said high school; that respondent, without notice to petitioner herein, reversed its action and reinstated said Nielsen as principal of said high school. Petitioner, claiming that respondent had no authority of law to entertain the appeal or make an order reinstating said Nielsen, applies to this court for a writ of review and asks that said action of said superintendent of schools in reinstating said Nielsen be annulled and set aside.

Respondent, by return of the writ, has set forth all his actions and proceedings as superintendent in connection therewith.

The controversy between petitioner and respondent grows out of the fact that the charter of the city of Vallejo contains different provisions on the subject of employment of teachers from that contained in the Political Code, and one of the questions submitted for decision is: Are the parties' rights to be governed by the state law, as found in the Political Code, or by the provisions of the charter of the city of Vallejo? The record shows that the petitioner received no notice that his services would not be needed after the current fiscal year, prior to the first day of May, 1919.

Section 1617 of the Political Code, under the heading of the powers and duties of trustees and boards of education in said school districts, provides: " . . . except that teachers

may be elected on or after June 1st for the next ensuing school year, and each teacher so elected shall be deemed re-elected from year to year thereafter unless the governing body of the school district shall on or before the tenth day of June give notice in writing to such teacher that his services will not be required for the ensuing school year.''

Section 127 of the charter of the city of Vallejo (Stats. 1911, p. 2027), reads as follows: ''Every person employed as a regular teacher by the school department shall be considered re-elected for the ensuing fiscal year unless at least two months before the beginning of such fiscal year he or she is notified in writing, by authority of the board of education, that it is expected that his or her services will not be required for the ensuing fiscal year.''

If the provisions of the Political Code are to control, then it is clear that Mr. Nielsen's term as principal of the high school ceased on the thirtieth day of June, 1919. If the provisions of the city charter control, by reason of his not having the notice served on him at least two months before June 30th (which concededly was not done), he was deemed employed for another year, beginning July 1, 1919.

Do the provisions of the Political Code control in this particular matter or is it controlled by the provisions of the charter of the city of Vallejo? Counsel for respondent has argued the case on the theory that Nielsen was discharged after he was employed and the superintendent had the power of reinstating him. The question is really a somewhat different one. It is: Was he employed for the year beginning July 1, 1919? Both the quoted section of the Political Code and the charter of the city of Vallejo are very specific in using the word ''re-elect.'' If the written notice is not given, he is re-elected. There was no express employment of Nielsen for another year, beginning July 1, 1919. If employed at all, it was because of the failure to give him proper notice that his services would not be needed for another year. If the state law controls, then the notice which was given to him by the petitioner prevented him from being re-elected for another year. If the provisions of the city charter control, then as notice was not given as provided therein, he was re-elected for another year.

We are of the opinion the state law controls in the matter and not the city charter.

Turning to the constitutional provision (article XI, section 8) which confers power upon cities to form and have adopted city charters, it is provided: "It shall be competent in any charter framed under the authority of this section to provide that the municipality governed thereunder may make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters and in respect to other matters they shall be subject to general laws." [1] The government of schools and the employment and discharge of teachers are not municipal affairs and, by virtue of the constitutional provision referred to, the state law controls whenever a conflict arises. This has been decided so often by the supreme and appellate courts of this state that any lengthy discussion seems unnecessary.

Thus, in *Kennedy* v. *Miller*, 97 Cal. 434, [32 Pac. 560], it is said: "The powers and duties of the board of education in a city cannot trench upon the system that the legislature has provided for the entire state, since the charter is limited in its operation by any general law that may be passed by the legislature, and, in addition thereto, such powers and duties are, by the terms of the section in which they are authorized to be given, limited by the provisions of the Political Code."

"It is not, and cannot, be claimed that the election and dismissal of teachers in the public schools are 'municipal affairs,' which may, by a freeholders' charter, be regulated in a manner in conflict with that provided by the general law. (See *Kennedy* v. *Miller*, 97 Cal. 429, [32 Pac. 558]; *Mitchell* v. *Board of Education*, 137 Cal. 372, [70 Pac. 180].)"

These decisions are conclusive upon the point that in the matter under investigation the rights of the parties must be controlled by the provisions of the Political Code and not by the charter of the city of Vallejo.

It was suggested in argument that the code provisions that a teacher should be deemed re-elected unless he were given a twenty days' notice was passed for the benefit of the teacher and that the charter provisions declaring that he should be given a two months' notice was in line with the code provision and more favorable to the teacher than the code, and, therefore, there was really no conflict between the two. But

if the city, by provision in its charter, can lengthen the time for giving notice to two months, it can lengthen it to six months. And if the city by its charter has the power to lengthen the time of the notice to be given to a teacher it has the power to shorten it to ten days, or five days, or one day.

[2] We hold that Nielsen was not re-employed for the fiscal year, beginning July 1, 1919; that at the time the appeal was taken he was not a teacher in the employ of the high school district, and that the respondent had no authority or power to entertain his appeal or to reinstate him in his office as principal of the high school of the city of Vallejo.

The writ of review is granted and the orders of the respondent purporting to reinstate him, Carl H. Nielsen, as principal of the Vallejo high school are set aside and petitioner will recover its costs.

Hart, J., and Burnett, J., concurred.