[Civ. No. 4382.   Third Appellate District.—October 14, 1931.]

OSCAR WHITEFORD, a Minor, etc., Appellant, v. YUBA CITY UNION HIGH SCHOOL DISTRICT, Respondents.

Ray Manwell for Appellant.

Arthur Coats and Desmond A. Winship for Respondents.

PRESTON, P. J.—Oscar Whiteford, a minor, brought this action through his guardian *ad litem* against the Yuba City Union High School District for damages for personal injuries received by him at the hands of students of said school district, which resulted in the loss of his left eye.

The complaint alleges: ''That on the 8th day of November, 1930, in the night time, the principal and members of the Board of Trustees directed the students of the school to hold a rally on the school premises and instructed the students to take upon the school premises rubbish and missiles, including Osage oranges; that the students in the presence of the school authorities were permitted to throw these missiles at passers-by; that plaintiff was riding in an automobile on the public highway and one of the oranges, thrown by the students, struck the windshield, shattered the glass, and as a result thereof plaintiff's left eye was injured, and became blind.'' The prayer is for damages on account of this injury in the sum of $20,250.

To this complaint the defendant school district interposed a general demurrer. This demurrer was sustained without leave to amend. Judgment of dismissal was thereupon entered. From this judgment the plaintiff prosecutes this appeal.

The liability of the school district is the only question to be determined. Appellant contends that the facts alleged in the complaint are sufficient to constitute a cause of action against the school district under section 2 of chapter 328, Statutes of 1923 (Stats. 1923, p. 675). Section 2 of said chapter reads:

''Counties, municipalities and school districts shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways,

buildings, grounds, works and property in all cases where the governing or managing board of such county, municipality, school district, or other board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such street, highway, building, grounds, works or property and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or failed or neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition."

Appellant, however, was not injured by reason of the dangerous or defective condition of any of the buildings, grounds, works or property of the school district. He was not injured upon the school grounds, nor did his injuries result from any dangerous or defective condition existing upon the school grounds. He was injured by an Osage orange deliberately thrown from the school grounds by one of the students. It cannot be successfully contended that the district is liable because Osage oranges, stones and clubs might be found upon the school grounds. If left upon the school grounds they could do appellant no harm. Some such missiles could doubtless be found upon any school grounds.

An unlawful and wanton assault, such as was made upon appellant by the students of this school, could have been made with some of the tools or the athletic equipment, still if made in that manner, we could not hold that such an assault and resulting injury was the *result of any dangerous or defective condition of the property of the school district, which was used in making such an assault,* so as to bring the case within the purview of section 2 of the Statutes of 1923 above set forth. It seems absolutely clear to us that said statute (Stats. 1923, p. 675), does not and was not intended to cover such a situation as here presented.

We think the judgment of dismissal must be affirmed for another reason. The Act of 1923, page 675, as its title shows, creates a liability for *negligence* only. This act does not purport in its title or in its body to create any liability on the part of the school district for the unlawful or wilful misconduct of its students, officers or agents, etc.

The complaint in this case is not based upon *negligence*, but upon an unlawful act and, therefore, something entirely different from mere negligence. ■ In this kind of an action, the wrong complained of can properly be termed "wilful misconduct". In law, there is a well-defined distinction between negligence and wilful misconduct. Wilful misconduct means something different from and more than negligence, however gross. Negligence is opposed to diligence, and signifies the absence of care. "It is negative in its nature, implying a failure of duty, and excluding the idea of intentional wrong, and it follows that the moment a person wills to do an injury he ceases to be negligent." (*Tognazzini* v. *Freeman*, 18 Cal. App. 468 [123 Pac. 540, 543].)

Whenever the element of knowledge and wilfulness enters into the case it ceases to be negligent, and becomes at least "wilful misconduct", and this is true no matter what degree of negligence is being considered. The distinction between negligence and "wilful misconduct" is discussed and clearly pointed out in the following authorities: *Helme* v. *Great Western Milling Co.*, 43 Cal. App. 416 [185 Pac. 510]; *Tognazzini* v. *Freeman, supra; Eylenfeldt* v. *United Railroads*, 28 Cal. App. 56 [151 Pac. 283]; *Malone* v. *Clemow*, 111 Cal. App. 13 [295 Pac. 70]. Therefore, if it be conceded for the sake of argument, that appellant was injured as a result of the dangerous or defective condition of the grounds or property of the school district, still the facts alleged in the complaint would not bring the case within the provision of said act of 1923, for the reason that the action is not based on negligence.

■ The only other statute pertaining to the liability of school districts is sections 2800, 2801, 2802 of the School Code of 1929, being formerly section 1623 of the Political Code. These sections provide that the trustees of the district shall be liable in the name of the district for any judgment against the district for any injury to any *pupil* arising because of the negligence of the district, or its officers, or employees. The case at bar cannot come under these sections for the simple reason that it is not alleged or claimed that the appellant was a *pupil* of the Yuba City Union High School District. (*Ahern* v. *Livermore, etc.*, 208 Cal. 782 [284 Pac. 1105].)

We are of the opinion that the trial court was correct in sustaining the demurrer without leave to amend and that the judgment of dismissal should be affirmed and it is so ordered.

Plummer, J., and Thompson (R. L.), J., concurred.