[Civ. No. 4667. Third Appellate District.—September 23, 1932.]

FLORENCE DE MARTINI, Respondent, v. J. W. WHEAT-LEY et al., Appellants.

Robert G. Partridge, Henry Heidelberg, John R. Golden and Len H. Honey for Appellants.

T. B. Scott for Respondent.

JAMISON, J., *pro tem.*—This appeal is from a judgment in favor of plaintiff upon the verdict of a jury for damages

sustained by plaintiff resulting from the collision of two automobiles.

The complaint and its amendment contains two counts, in one of which it was alleged that plaintiff was riding as a passenger for hire in the automobile driven by appellant Belle Cardoza, at the time of the collision; and in the other it is alleged that plaintiff was riding as a guest therein.

It appears from the evidence that on June 20, 1931, respondent was riding in an automobile operated by Belle Cardoza, and that at the intersection of two highways, the car driven by Belle Cardoza collided with one operated by appellant Wheatley.

Respondent brought this action against Belle Cardoza and the said Wheatley, as the operators of said automobiles, and joined Joe Cardoza and Frances Cardoza, the parents of Belle Cardoza, as parties defendant, because Belle Cardoza was a minor and her application to operate an automobile had been signed by her said parents. Separate briefs have been filed on this appeal by appellants Cardoza and by Wheatley. ■ Appellants Cardoza's sole ground for a reversal of the judgment against them is based upon the refusal of the trial court to submit to the jury two special interrogatories requested by them. The said interrogatories were as follows: ''No. 1. At the time of the accident in question, had the plaintiff Florence DeMartini, either paid, or agreed to pay defendants Cardoza, or either of them, for being transported in the Cardoza car? No. 2. Of what degree of negligence, if any, was Belle Cardoza guilty at the time and place of the accident in question? (State whether the same was gross negligence, or ordinary negligence, or slight negligence.)''

Since the amendment of section 625 of the Code of Civil Procedure in 1909, the determination of whether or not the interrogatories should have been submitted to the jury rests in the discretion of the trial court (*Eaton* v. *Southern Pac. Co.,* 22 Cal. App. 461–468 [134 Pac. 801]; *Estate of Witt,* 198 Cal. 407–426 [245 Pac. 197]); and such discretion will not be interfered with unless an abuse is shown. (24 Cal. Jur. 905; *Obenholger* v. *Hubbell,* 36 Cal. App. 16 [171 Pac. 436].) ■ No contention is made by appellants Cardoza that the evidence did not support the verdict, nor that

the instructions of the court did not fully and fairly cover every issue in the case.

The evidence as to whether or not respondent was a passenger for hire is conflicting, but the facts conclusively show that appellant Belle Cardoza was guilty of gross negligence at the time of the accident.

We are of the opinion that the trial court did not abuse its discretion in refusing to submit the said interrogatories to the jury.

Appellant Wheatley contends that the judgment against him should be reversed for the reason that certain remarks were made by counsel of appellants Cardoza to the effect that appellant Wheatley was insured, and that counsel for Wheatley was appearing in the case as a representative of an insurance company. The remarks to which reference is made occurred as follows: The attorney representing the Cardozas was cross-examining Wheatley, and in the course of that examination asked the witness if he had not made a statement regarding the accident to a certain person. Thereupon the following conversation took place between Mr. Boone, the attorney for Wheatley, and Mr. Honey, the attorney for the Cardozas: "Mr. Boone: We object to any reference to that statement. I am going to insist on that. He is not being fair. Let him bring that Insurance man here, whoever it is. Mr. Honey: That isn't an Insurance man, if anybody happens to ask you, that is a gentleman in my employ. Mr. Boone: I know the fat boy. Mr. Honey: You are the one representing the Insurance Company here, I am not. Mr. Boone: We will let the jury decide that." No request was made by Mr. Boone that the court instruct the jury to disregard the remark of Mr. Honey, though the court, in its instructions, did state to the jury that no insurance company was a party to, or interested in the action.

The rule is well settled that where the plaintiff introduces evidence that the defendant is insured, or by deliberate purpose, or by successful tactics purposefully suggests this fact to the jury, it constitutes reversible error (*Hodge* v. *Weinstock-Lubin & Co.,* 109 Cal. App. 393 [293 Pac. 80]); and it is improper for counsel to endeavor to get such a fact before the jury by questions designed solely for that purpose. (*Nichols* v. *Nelson,* 80 Cal. App. 590

[252 Pac. 739]; *Citti* v. *Bara*, 204 Cal. 136 [266 Pac. 954].)

▆ In the instant case respondent made no effort to bring to the attention of the jury the fact that Wheatley was insured, and took no part in the controversy between the attorneys who represented appellants. Boone, Wheatley's attorney, began the controversy by suggesting to Honey that he produce his insurance man, and was met by the retort from Honey that he (Boone) was representing the insurance company. It would seem that each was attempting to create the impression that the other was insured. However, no authority has been cited that would require a reversal under these conditions, nor have we been able to find any. ▆ Appellant Wheatley next contends that there is no evidence to support the verdict against him.

The accident in this case occurred at the intersection of Kierman and Tooms Avenues, which cross each other at right angles. Kierman Avenue runs east and west, while Tooms Avenue extends north and south. The Cardoza car was traveling east on Kierman Avenue and the Wheatley car was going south on Tooms Avenue. There was a vineyard along the north side of Kierman Avenue, extending to the intersection of said avenues, the vines being in full foliage, and about four feet high, and on the west side of Tooms Avenue there was a barn standing 15 feet from said avenue and north of said intersection 250 feet. Belle Cardoza testified that seated in her automobile at points 150 feet, 100 feet and 50 feet west of said intersection, while driving on Kierman Avenue, she had no difficulty in seeing Tooms Avenue from the intersection as far north as the barn. That the vines in the said vineyard did not prevent her from seeing Tooms Avenue, because the car was higher; that she could see along Tooms Avenue for 200 feet north of said intersection, when she was 50 feet west of the intersection, but saw no automobile on Tooms Avenue. That she was traveling at a speed of 25 to 35 miles per hour as she entered the intersection, and did not see the Wheatley car until it was within one foot of her car. The Wheatley car struck the Cardoza car on the left hind wheel, causing the Cardoza car to turn completely over at least once, after going a distance of 50 feet from the place of impact. Wheatley testified that he did not see the Cardoza car until his car was 25 feet north of the intersection. At that time the Cardoza

car was 150 feet west of the intersection in Kierman Avenue, and was traveling at a speed of 35 or 40 miles per hour, and that the speed of said car seemed to be increasing. That his car was proceeding at less than 15 miles per hour when he first saw the Cardoza car. He also testified that when he first saw the Cardoza car it was distant from him about 25 feet. Some five days after the accident he made a statement to an investigator, a Mr. Rains, regarding the accident, and in that statement he admitted that he told Rains that as he came to the intersection he looked to the left and saw the road clear in that direction, and then he looked toward the right, and for the first time saw the Cardoza car, squarely in front, slightly to his right, and that before witness could do anything, the front of his car struck the left hind wheel of the Cardoza car, and that the Cardoza car entered the intersection just a little before his car. He also testified that his car was equipped with four-wheel brakes, and that he applied them when he was 25 feet from the intersection. That the front frame of his car struck the Cardoza car a heavy blow on the rear left wheel, sufficient to make a dent in the wheel and bend the front frame of his car. He testified that his view of Kierman Avenue was somewhat obscured by the vines in the said vineyard as he approached the intersection, but by looking carefully, he could see the tops of the cars moving thereon. Respondent was reading a time-table when the accident happened and did not see the Wheatley car before it struck the Cardoza car, but she testified that to the best of her belief, the front part of the Cardoza car had passed the center of the intersection when the collision took place.

Section 113 of the Motor Vehicle Act provides that the speed of the car shall not exceed 15 miles per hour when traversing an intersection, where the driver's view is obstructed at any time during the last 100 feet of his approach to the intersection when he does not have a clear and uninterrupted view of the intersection and of all traffic upon all highways entering such intersection for a distance of 200 feet.

Section 131 of said act provides that a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. Appellant Wheatley admitted that the Cardoza car entered the intersection be-

fore his own car. His car struck the Cardoza car such a heavy blow that it dented its left hind wheel and bent the front frame work of his car.

We are of the opinion that there was evidence that warranted the jury in finding that Belle Cardoza drove the car upon the intersection in a reckless manner, without first taking the precaution of looking to see whether vehicles were approaching the said intersection upon Tooms Avenue. We are also of the opinion that Wheatley, by his own admissions, was negligent in the operation of his car. This collision took place at 6:30 A. M.; the day was clear and the sun shining, and from the evidence the jury had the right to believe that each of said cars was visible to the other for a distance of at least 200 feet from the intersection, had the drivers thereof taken the precaution to look. It is apparent that both approached the intersection at a speed that was not careful or prudent under the circumstances that then existed.

If respondent suffered the injury by the concurrent negligence of both Belle Cardoza and Wheatley, then such negligence of each is the proximate cause of her injuries, and she may recover from either or both of them. (*Merrill* v. *Los Angeles Gas & Electric Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 111 Pac. 534]; *Springer* v. *Pacific Fruit Exchange*, 92 Cal. App. 732 [268 Pac. 951].)

It is the duty of the reviewing court on appeal to construe the evidence so as to support the verdict, if it may be done reasonably, that is to say, to accept as true such evidence as tends to sustain the verdict, unless it be inherently incredible, and to reject as untrue those portions which conflict therewith. (*Truitner* v. *Knight*, 83 Cal. App. 655 [267 Pac. 447]; *Neher* v. *Kauffman*, 197 Cal. 674 [242 Pac. 713].)

We find no error in the record, and therefore the judgment against all of the appellants is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 22, 1932.