[Civ. No. 9799.  Second Appellate District, Division One.—November 13, 1935.]

GLENN EUGENE SERRES, a Minor, etc., Respondent, v. SOUTH SANTA ANITA SCHOOL BOARD et al., Defendants; K. R. CUTLER, Appellant.

Everett W. Mattoon, County Counsel, and Ernest R. Purdum, Deputy County Counsel, for Appellant.

E. C. Bowen and Albert E. Coger for Respondent.

EDMONDS, J., *pro tem.*—This is an action by a minor against the School Board and appellant Cutler, a teacher, for damages for personal injuries. Upon trial the School Board's motion for a nonsuit as against it was granted and judgment was entered against the individual defendant. His appeal therefrom is upon the judgment roll alone, and presents the sole question of whether or not the amended complaint filed during the trial changed the cause of action.

The record which is before us by stipulation of the parties shows from the minutes of the court that during the trial of the case, upon the conclusion of respondent's evidence, appellant's motion for a nonsuit was denied and that leave to file an amended complaint was granted. Upon this ruling the trial was continued to a date some thirty days later. To the amended complaint appellant interposed a demurrer which was overruled. Thereafter the trial proceeded to judgment.

By the original complaint the minor alleged that while "engaged at play upon the play-ground of said school, and while plaintiff was thus engaged, and standing in a bent or stooped position, defendant K. R. Cutler suddenly and without any warning whatsoever, did madly and ferociously rush upon, attack and assault said plaintiff by striking plaintiff with his clenched fist on coccygeal bone of plaintiff's spinal column, and with such great force and violence that said vertebra was then and there fractured". In the amended complaint it is alleged that the minor while engaged in athletic activities on the school ground, became engaged in an altercation for which appellant proceeded to punish the minor. In doing so, the said amended complaint alleges, "The defendant negligently commanded and required the plaintiff, who was then a youth of slight build, to assume position to receive punishment by a blow on the buttocks, and required plaintiff to bend over and grasp his right ankle with his right hand and at the same time to grasp his left ankle with his left hand, both knees

being unbent, which said position was assumed by the plaintiff, and the plaintiff having been placed in said situation by command of the defendant, which said position was in view of its object dangerous and caused the coccyx bone of plaintiff's spinal column to protrude, and the plaintiff being in such position, the defendant withdrew some distance to give force and momentum to the blow, advanced rapidly and negligently and with the use of great and excessive force delivered with his open palm a violent blow upon the coccyx bone of the plaintiff, and by said blow broke the said coccyx bone and caused to be fractured and detached from the spinal column a broken fragment about one and one-half inches in length.''

Appellant insists that the original complaint charged him with a wilful and intentional wrong, while the amended complaint alleged a cause of action against him for negligence. About the only basis for this position is the fact that the word ''negligently'' appears in the amended complaint and is not used in the original complaint. However, each of the complaints states a cause of action for battery, which is the ''wilful and unlawful use of force or violence upon the person of another''. (Sec. 242, Penal Code.) In the first complaint the battery is alleged to have been done ''madly and ferociously''. In the amended complaint the appellant is charged with having delivered a violent blow upon the respondent with great and excessive force. The fact that the word ''negligently'' is used in describing appellant's actions does not change the cause of action into one of negligence where the facts alleged show that the appellant is charged with responsibility for his deliberate acts constituting battery.

The amended complaint in its legal effect alleged the same cause of action as that of the first complaint with the exception of the malice of the appellant. The reasons for filing it are not shown. However, the record shows no prejudice to appellant therefrom. ''In furtherance of justice, courts are very properly liberal in authorizing the amendment of pleadings either before or at the trial.'' (*Deberry* v. *Cavalier*, 113 Cal. App. 30, 33 [297 Pac. 611, 612].)

The judgment is affirmed.

Houser, P. J., and York, J., concurred.