[Civ. No. 11709. Second Appellate District, Division Two.—March 14, 1938.]

MARCELINA CORRAL, a Minor, etc., et al., Respondents, v. VICTOR SAGER et al., Appellants.

C. Douglas Smith for Appellants.

Fred A. Shaeffer for Respondents.

CRAIL, P. J.—This is an appeal by the defendants Victor Sager and Charles J. Evans and Charles H. Evans, alleged to be copartners, doing business under the name of Evans Freight Line, from a judgment in the amount of $5,000 entered against them pursuant to a verdict of the jury and from an order denying a motion for new trial. The plaintiffs were the wife and daughter of Innocente Corral and the action was instituted to recover damages for his death in an automobile collision against the defendants and also against defendants Harry Thole and the county of Santa Barbara, the first of whom was operating another truck which took part in the collision.

 The first contention of the appellants is that the award of damages is excessive and not supported by the evidence, the contention being that there was certain evidence that the deceased had tuberculosis and could not live a year if he worked. If this were the only evidence before the jury the appellants' contention might be sustained, but it is our duty on appeal to view the evidence most favorable to the respondents. According to this evidence the decedent

was in good health and he had never had any sickness or illness at any time for ten years prior to the accident, and he had never lost weight and never coughed at any time. The appellants stipulated at the trial that the mortality table would show the life expectancy of the deceased as 24.46 years. The jury's verdict will not be set aside on appeal on the ground that the damages are excessive unless the verdict is so outrageously excessive as to suggest at first blush passion, prejudice or corruption. (*Corvin* v. *Hyatt*, 10 Cal. App. (2d) 107 [51 Pac. (2d) 176]; *Bach* v. *C. Swanston & Son*, 105 Cal. App. 72, 83 [286 Pac. 1097]; *Kerrison* v. *Unger*, 135 Cal. App. 607, 612 [27 Pac. (2d) 927].) There is no merit in this contention.

The second contention of the appellants is that the court erred in admitting over the objection of the appellants' evidence that the appellants were insured. The question arose as follows: The appellants had a witness on the stand who had testified for them about making an examination of the two trucks after the accident and about an examination of the pulley on the left-hand side of the cab of one of the trucks. It was on cross-examination, not by the plaintiffs but by the other defendants, that the witness was asked where was the pulley that he testified was rusty, and the witness said he did not remember. When pressed for an answer whether it was on the inside or outside of the cab he said, "I do not remember. My attention was called to it by the insurance agent. Q. You say the insurance agent. Whom do you mean by that? Mr. Smith: I move that go out as incompetent, irrelevant and immaterial. Mr. Stewart: It explains his answer, if the court please. Mr. Smith: I was taken by surprise by the answer. The Court: Overruled. . . . You have opened it up. I think you have a right to go into all the circumstances involved now. . . . The Court: You got him over to the automobile, now, to look at a pulley. Who was with him?" There was other additional evidence that the witness did not know the insurance agent's name but he came for him with two of the defendants and took him over to the trucks. There was no reference in the evidence that the defendants were covered by insurance.

In the case of *Noble* v. *Bacon*, 129 Cal. App. 177, 185 [18 Pac. (2d) 699], the court said, "It might be conceded that where it is obvious or fairly deducible that the sole purpose

was to impress that fact of insurance on the minds of the jury, for no other reason than to create a prejudice, then a reversal will follow. But where the reference, as indicated in the cited cases, is merely incidental, misconduct will not be found. And it would seem a fair corollary of the rule that where the point is debatable and offers an open field for legitimate argument, a reviewing court should not arbitrarily undo the results of a trial had under the supervision of the trial judge, whose opportunity of approximating the situation was in the first instance, and who had refused a new trial.'' There is no merit in this contention.

Finally, the appellants contend that there is no evidence of a partnership consisting of Charles J. Evans and Charles H. Evans. It thus becomes our duty to search the record to see if there is any substantial evidence to sustain the finding of the jury as to the partnership. In our view there is such evidence.

Judgment affirmed. Appeal from order denying new trial dismissed.

Wood, J., and McComb, J., concurred.