[Civ. No. 11845.   Second Appellate District, Division Two.—August 22, 1938.]

EDWARD F. SWEET et al., Respondents, v. VICTOR SAGER et al., Defendants; HARRY THOLE, Appellant.

Percy C. Heckendorf, District Attorney, Coleman E. Stewart and Fred J. Goble for Appellant.

Fred A. Shaeffer for Respondents.

WOOD, J.—This action was commenced by the heirs of Walter S. Sweet to recover damages resulting from his death, which occurred when a truck driven by defendant Thole collided with a truck driven by defendant Sager near the city limits of Santa Maria. The jury rendered a verdict in favor of plaintiffs against Sager and his employers and also against defendant Thole and the County of Santa Barbara. A judgment was entered in accordance with the verdict, but the trial court set aside the verdict as against the County of Santa Barbara. Defendant Thole prosecutes this appeal from the judgment. There is also a purported appeal by Thole from the order denying a motion for a new trial.

In the morning of March 20, 1937, defendant Thole, an employee of the County of Santa Barbara, was driving a truck owned by the county in a southerly direction on South Broadway. He was transporting a number of State Emergency Relief Act workers to their place of employment. Testimony was received showing that when Thole reached a point about fifteen or twenty feet north of the northerly line of the intersection of Broadway and Stowell Road he made a diagonal turn to his left, cutting the corner, and without giving a signal of his intention to make the turn. Defendant Sager's truck, coming from behind, ran into the Thole truck and turned it over, causing the deaths of Mr. Sweet and another workman, Innocente Corral. An action on behalf of the heirs of Mr. Corral was brought to trial and an appeal from the judgment in that case was determined by this court on March 14, 1938. (*Corral* v. *Sager et al.*, 25 Cal. App. (2d) 322 [77 Pac. (2d) 303].)

Appellant contends that he was deprived of a fair trial for the reason that it was shown in evidence that an insurance company was interested in the outcome of the trial. The deposition of the witness Ferreira was taken at San Jose on behalf of defendant Sager and his employers. The witness was asked by attorney Stewart, who represented defendants Thole and the County of Santa Barbara, the following question: "Did you talk to anyone else after the accident

before you came up to give your deposition here this morning?'' To this question the witness answered: ''No, I have talked to this insurance man, told us if we wanted to have, come down here for this try out, ask these questions, so we told him we'd like to do it if we had the time to do it. We couldn't put ourselves out very much in our time, because kind of busy this time of the year.'' This deposition was read in evidence. During the trial the chief of police of Santa Maria, L. M. McCandless, was presented as a witness on behalf of defendant Sager and his employers. He testified that shortly after the accident he inspected the mechanical arm signal on the Thole truck. On cross-examination by Mr. Stewart the witness was asked: ''How did it come you went over to the county yard about eight hours later?'' The witness replied: ''There was a gentleman came into my office whom I had seen earlier in the day, that claimed he was an insurance man and asked if I would go over with him and Mr. Sager and look at this particular part of the truck.'' Later counsel for Sager and his employer stipulated that the insurance agent referred to by Mr. McCandless was an insurance agent representing the employers of Sager. When these references to an insurance agent were made counsel for plaintiff promptly asked the court to instruct the jury to disregard every statement that had been made with reference to insurance. During the course of their deliberation the jury returned to the courtroom for instructions as to the form of the verdict, at which time juror Allen asked: ''Who paid the insurance in the last case,—I mean the damages, the amount that the woman got?'' To this court replied in part: ''No insurance company is a party defendant in this action. In your deliberations upon the question of liability of any of the defendants and upon the question of the amount of damages, if any, to be assessed, you will wholly disregard any reference made by any counsel or witness, during the progress of this trial, to insurance, insurance companies or their representatives.''

It will be noted that the matter of insurance was brought out incidentally upon cross-examination by counsel for defendant Thole of the witnesses of the other defendants. No reference whatever was made to any insurance which may have been carried by defendant Thole, the only party now appealing. Counsel for plaintiffs took no part in the ques-

tioning which brought out the references to insurance but he promptly asked the court to disregard all such references A similar situation was presented in *De Martini* v. *Wheatley*, 126 Cal. App. 230 [14 Pac. (2d) 869]. In that case a controversy concerning insurance arose between the attorneys representing the respective defendants but the attorney for the plaintiff took no part in the controversy. The reviewing court refused to reverse the judgment. In view of the admonition by the court, appellant has not shown that the trial was not fair as to him by reason of the question of the juror Allen. In *Maggart* v. *Bell*, 116 Cal. App. 306 [2 Pac. (2d) 516], a juror interrupted the proceedings of the trial to ask the question: "Are you fully covered against accident insurance?" The court promptly told the juror that the question was improper. The reviewing court refused to set aside the judgment.

■ Appellant argues that the instruction given to the jury on the subject of references to insurance was erroneous; that the instruction "precludes the jury from considering the intervention of the insurance agent and the part he played in procuring such testimony". We fail to see how appellant could have been prejudiced by the instruction given to the jury. Moreover, if he wished to have the jury given more specific instructions he should have requested the court to give them. (*Peluso* v. *City Taxi Co.*, 41 Cal. App. 297 [182 Pac. 808].)

■ Appellant contends that the evidence shows that the collision was caused by the negligence of defendant Sager only. There is no merit in this contention. The question of the proximate cause of the collision was properly left to the determination of the jurors, who found upon substantial evidence that the negligence of both drivers caused the collision.

■ Appellant finally contends that the amount of the verdict is excessive. The decedent was fifty-two years of age and left a wife and three children, two of whom were minors. The verdict was for $8,000. The contention is so devoid of merit that discussion would be inappropriate.

The judgment is affirmed. The purported appeal from the order denying the motion for a new trial is dismissed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 6, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 20, 1938.