[Civ. No. 12456.   First Dist., Div. Two.   Sept. 14, 1943.]

R. C. RIDGE et al., Plaintiffs and Appellants, v. BOULDER CREEK UNION JUNIOR-SENIOR HIGH SCHOOL DISTRICT OF SANTA CRUZ COUNTY, Defendant and Appellant.

454

Rittenhouse & Rittenhouse and W. A. Deans for Plaintiffs and Appellants.

Benjamin B. Knight, District Attorney, and Murphy & Hall for Defendant and Appellant.

NOURSE, P. J.—This was a suit by a minor and his father for personal injuries arising from the negligence of defendant school district. The jury gave a verdict for $266.52 to the father and $750 to the son. The court entered judgment against defendant for these amounts but ordered that the plaintiffs' cost bill be stricken. The plaintiffs have appealed from the order striking their cost bill and defendant has appealed from the judgment entered against it. The two

appeals are consolidated by stipulation and only one set of briefs has been filed.

The plaintiff minor, Walter Ridge, aged 16 years 9 months, injured the index finger of his right hand while operating a power saw without a guard or a fence upon it. Young Ridge knew what these objects were for, to prevent injury, but others in the class used the saw without the guard because the fence was broken. The fence guided the wood to be sawed and if the saw was operated with the guard without the fence, it was extremely difficult to saw the board on the markings. Ridge was not instructed not to use the saw without the safety devices, and the instructor and other students used the saw without the safety devices on some occasions.

The plaintiffs filed their claim with the school district pursuant to section 2.801 of the School Code alleging that the injury was caused by "the carelessness, negligence, recklessness and wilful misconduct of the said school district" and that the claimants were "citizens and residents of the County of Santa Cruz, State of California, and the said R. C. Ridge is the father of the said Walter Ridge, a minor, who is a student at said Boulder Creek Union High School." The complaint based on this claim alleged negligence on the part of defendant district. The answer denied the allegations of the complaint and as a separate defense alleged that Walter Ridge was guilty of contributory negligence. The court refused to give instructions at defendant's request on the issue of wilful misconduct.

Toward the end of the jury's deliberations, they returned with the following question: "May we as the jury inquire if the Boulder Creek School Board carries compensation insurance?" Whereupon the court gave an instruction whereby they were told to disregard insurance and that no insurance company was a party to the action. At no time was the subject of insurance brought up during the course of the trial.

Appellant school district contends that the court erred in ruling that the claim was sufficient in that no specific address of the claimants was stated as required by the School Code, and in that the charge of "wilful misconduct" did not allege any proximate cause for which they were authorized to allow claims. It also contends that the minor was guilty of contributory negligence as a matter of law, that the trial court erred in not giving the proposed instruction on wilful misconduct, and that the misconduct of the jury in considering compensation insurance was prejudicial.

The judgment against the school district is controlled by the provisions of the statute relating to the filing of claims. Section 2.801 of the School Code requires the claimant to file a verified claim which "shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received." In this connection it is conceded that the claim filed here did not specify the home address of the claimants. However, the claim did state that they were "citizens and residents of the County of Santa Cruz" and that Walter Ridge was a "student at said Boulder Creek Union High School."

Webster's dictionary defines the word "address": "The directions for delivery of a letter; the name or description of a place of residence, business etc., *where a person may be found or communicated with.*" (Emphasis ours.) This definition clearly indicates that the word "address" is not always synonymous with the word "residence," although for the purpose of some statutes the courts have so interpreted its meaning. For example, in *San Diego Savings Bank* v. *Goodsell*, 137 Cal. 420, 427 [70 P. 299], the court held that "address" and "residence," for the purpose of section 413 of the Code of Civil Procedure concerning the mailing of summons to absentee defendants, were synonymous as distinguished from the word "domicile." It should be noted that here we are dealing with a statutory requirement designed to give a public agency the knowledge whereby its liability can be investigated.

In interpreting a similar requirement for filing of a claim in suits against municipalities the court said in *Uttley* v. *City of Santa Ana,* 136 Cal.App. 23, 25 [28 P.2d 377] : "The purpose of the statute would seem to be accomplished if an address is given *at which or through which the claimant may be found, in order that the city officials may make such investigation of the merits of the claim as may be desired.* The statute does not definitely require the giving of the claimant's home address or usual business address and it is conceivable that a claimant might have neither a home address nor a permanent business address. . . . In the absence of any showing that the appellant [municipality] was misled or prejudiced, we think the allegations of the complaint are sufficient to show a substantial compliance with the statute." (Emphasis ours.) In that case the court held that the address of the claimant's attorney within the verified claim was a substantial compliance with the statute which required the

claimant's address to be in the verified claim. The situation of claimant Walter Ridge is comparable to that of the claimant in the city case. The recital in the claim that Walter Ridge was a student at Boulder Creek Union High School informed the school district where he could be reached the major portion of the daylight hours. A letter addressed to him there would reach him. An inquiry by the school district at that place would have reached him personally or would have revealed his home address. There is no claim that the school district was misled nor that it could have been misled by the information imparted by way of an address of claimant Walter Ridge. Section 3 of the School Code enjoins the courts to construe its provisions liberally "with a view to effect its objects and to promote justice." In view of the foregoing we hold that the giving of a pupil's school address within the verified portion of the claim constitutes substantial compliance with the address requirement of section 2.801 of the School Code.

█ In deciding what is in fact substantial compliance with a statute no weight should be given to the fact that the information imparted was not intended to comply with the statute. The only issue, as we see it and as the doctrine is enunciated in the cases, concerns the purpose of the statute and whether in fact the acts done subserved the purpose of the statute, complying therewith in substance but not in the exact form prescribed. (*Sandstoe* v. *Atchison T. & S. F. Ry. Co.*, 28 Cal.App.2d 215 [82 P.2d 216] ; *Kelso* v. *Board of Education*, 42 Cal.App.2d 415 [109 P.2d 29].) Those cases cited by appellant in which there was a complete failure to state in the verified claim any facts on which a finding of substantial compliance with the statutory requirements could be based are inapplicable to claimant Walter Ridge.

█ A slightly different question is presented in considering the claim in support of the judgment in favor of R. C. Ridge, the father. However, the reasoning concerning the son's substantial compliance with the statute applies to the father, even if not so clearly. There is no claim here that the school district was misled. By inquiry at the son's school the residence and business address of the father could have been ascertained. It may be assumed that the school authorities knew his address through the son's registration. A letter addressed to the father at the school would probably have reached him, but, if not, the secretary of the board could have located him personally or by letter addressed to Boulder

Creek. We hesitate to tear down the statute by statements of what the court may deem to be "substantial" compliance with its terms. But, under all the circumstances we must hold that the claim stated a sufficient address of the father within the doctrine of substantial compliance as heretofore enunciated.

Appellant school district makes a second attack on the validity of the claim on the grounds that in no event did the claim state a cause for which the board was authorized to grant relief to the pupil in that "wilful misconduct" of the school district was one of the causes of the injury alleged. In the face of the allegations in the claim that the injury was caused by "carelessness" and "recklessness" we can not say that the board was misled by this surplusage in the claim. Section 2.801 does not require the legal conclusion of the claimant as to the cause of the injury to be stated; hence, all the legal conclusions regarding cause were surplusage. No estoppel by the plaintiffs' course of action is claimed. In the absence of any evidence of injury on the school district's part, due to reliance on the statement that the injury was caused by wilful misconduct, we can not say that the claim with its surplusage was insufficient in form to fulfil the condition precedent required by section 2.801 of the School Code in an action for negligent injury. The authorities cited by appellant support only the proposition that a complaint based on the wilful misconduct of the school district does not state a cause of action within the School Code and that no recovery is allowed on that score. (*Whiteford* v. *Yuba City Union High School Dist.*, 117 Cal.App. 462 [4 P.2d 266] ; *Serres* v. *South Santa Anita School Bd.*, 10 Cal.App.2d 152 [51 P.2d 893].)

On the merits of the claim itself the appellant school district attacks the submission of the case to the jury. The school district contends that Walter Ridge was guilty of contributory negligence as a matter of law. Although young Ridge knew what the guard was for—to prevent injury—he saw other students and the instructor use the saw without the guard. The fence which guided the wood to be sawed was broken and to operate the saw with the guard when the fence was broken was inconvenient. The markings on the board showing where the board was to be sawed could not be seen when the guard was down, and accurate sawing was practically impossible. Ridge was never instructed not to use the saw without the safety devices. On this state of the facts even though Ridge received good grades in his wood-working classes

and was almost 17 years old at the date of the accident, we can not say as a matter of law that he should have appreciated the danger and not used the saw in its condition without the guard. ■ Knowledge that danger exists is not knowledge of the amount of danger necessary to charge a person with negligence in assuming the risk caused by such danger. The doing of an act with appreciation of the *amount* of danger in addition to mere appreciation of the danger is necessary in order to say as a matter of law that a person is negligent. ■ We can not say that the knowledge of danger which Walter Ridge had, in the face of the facts that he received no instructions not to use the saw without the guard and that the instructor used the saw in front of the students without the guard attached, was as a matter of law sufficient to charge him with negligence contributing to his accident.

Those cases cited by appellant school district in support of its position involve cases where the minor was proved to have had knowledge of the specific risks which he ran in doing the acts causing the injury. In *Bolar* v. *Maxwell Hardware Co.*, 205 Cal. 396 [271 P. 97, 60 A.L.R. 429], the 15 year old minor had sufficient knowledge of the risks run with explosives to hide his experimental cannon and the gun powder from his parents. In *Whalen* v. *Streshley*, 205 Cal. 78 [269 P. 928, 60 A.L.R. 445], the 16 year old boy was an experienced rider of bucking horses and knew the risks attached. In *Quinn* v. *Recreation Park Assn.*, 3 Cal.2d 725 [46 P.2d 144], the 14 year old girl deliberately chose in the face of the knowledge of the risk of foul balls to sit in an unscreened section, because she wished to sit near first base. In *Mathews* v. *City of Albany*, 36 Cal.App.2d 147 [97 P.2d 266], the child was shown to have known the difference between explosive gun powder and fire cracker powder and had played with gun powder for a number of years. Here the boy was in his first year with power driven tools, the school recognizing that only after a certain age and instruction are children comparatively safe in using power driven tools; he had never been specifically informed of the danger although he knew what the guard was for; and the example of his instructor indicated to him that the use of the saw could not be too dangerous or the instructor would not have used the tool without the guard. On the whole it would appear to be a case where the boy knew the saw was not a plaything, but an instrument to be used with caution and care.

■ Appellant school district's next claim of error concerns the court's refusal to give instructions offered concern-

ing the law applicable to wilful misconduct. The school district would not have been liable under section 2.801 of the School Code for injuries caused by wilful misconduct. (*Whiteford* v. *Yuba City Union High School Dist.*, 117 Cal.App. 462 [4 P.2d 266]; *Serres* v. *South Santa Anita School Bd.*, 10 Cal. App.2d 152 [51 P.2d 893].) ▪ It contends that there was evidence in the record from which the jury might have concluded that Walter Ridge was injured through the wilful misconduct of Everett M. Brown, the instructor. It points to the following evidence in support of this contention: "The youth of the operator (Walter Ridge), the claimed lack of instruction, the claimed dullness of the saw, and the broken fence." *Pacific Employers Insurance Co.* v. *Industrial Acc. Com.*, 209 Cal. 412 [288 P. 66], although cited in support of appellant's position is distinguishable on its facts. In that case, in contravention of an Industrial Accident Commission Safety Rule which was known to the employer, an employee was allowed to use a power saw which did not have a guard covering the open blade. In the facts before us it is shown that a guard was provided even though the efficient use of the saw was restricted by its use. Further, there is no evidence that Everett M. Brown knew that Walter Ridge was uninstructed in the use of the power driven saw, or that he knew the saw was dull, or that he knew the saw would be used without the guard. The use of the saw by the instructor without the guard in front of the students is not wilful misconduct. In *Helme* v. *Great Western Milling Co.*, 43 Cal.App. 416, 421 [185 P. 510], it is said, "To constitute 'wilful misconduct' there must be actual knowledge, or that which in the law is esteemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury." (See also *Malone* v. *Clemow,* 111 Cal.App. 13, 17 [205 P. 70].) ▪ The element of *conscious* misconduct is necessary to charge wilful misconduct, ▪ and here there is no evidence in the record from which the jury could have found that Everett Brown knowingly wilfully misconducted himself to plaintiff's injury. The trial court properly refused to give the instructions requested.

▪ Finally the school district contends that the jury was guilty of prejudicial misconduct in considering insurance and that such misconduct justifies a reversal. First it should be noted that we do not agree with the school district's contention that the jury in using the words "compensation insur-

ance'' had reference to the technical connotations of the words concerning absolute liability. They used the term in the same sense as a layman might use the term compensation to mean the technical term indemnity. Secondly, there was no prejudicial error because the jury were promptly instructed to disregard insurance in their deliberations, and we must assume that they followed the judge's instructions in the absence of other evidence. (*Maggart* v. *Bell,* 116 Cal.App. 306, 309 [2 P.2d 516]; *Sweet* v. *Sager,* 28 Cal.App.2d 211, 214 [82 P.2d 201].)

The plaintiffs Walter Ridge & R. C. Ridge appealed from the order taxing and disallowing costs. They contend that section 2.801 of the School Code in creating a liability ''for any judgment against the district'' included a liability for costs by reason of section 3 of the School Code enjoining the liberal construction of the code ''with a view to effect its objects and to promote justice.'' A school district is a political subdivision of the state created for state purposes subject to the same privileges and immunities in regard to suit as the State. (*Skelly* v. *Westminster School District,* 103 Cal. 652, 658 [37 P. 643].) It has long been settled law in California that the right to costs is a purely statutory right which did not exist at common law. General statutes allowing costs to parties have been construed not to apply to the State in the absence of express provision respecting costs where the State was a party. (*Connecticut Gen. Life Ins. Co.* v. *State,* 47 Cal.App.2d 88 [117 P.2d 377], 23 Cal.Jur. 587.) There is nothing in the right to a judgment which inherently gives the right to costs as a matter of justice. Therefore, we hold that section 2.801 of the School Code was properly interpreted by the lower court not to include the right to costs incurred in obtaining the judgment provided for. It should be noted that at the last session of the Legislature, section 1028 of the Code of Civil Procedure was amended to provide that costs were to be awarded against the State ''on the same basis as against any other party'' thereby changing the prior law in the State of California when the State was a party to an action.

For the reasons hereinabove expressed the judgment is affirmed. The order taxing and disallowing costs is also affirmed.

Spence, J., and Dooling J. pro tem., concurred.

Defendant and appellant's petition for a hearing by the Supreme Court was denied November 8, 1943.