[Civ. No. 11737. First Dist., Div. Two. June 1, 1942.]

DOROTHY EPPSTEIN, Appellant, v. CITY OF BERKE-
LEY (a Municipal Corporation), Respondent.

Cornish & Cornish for Appellant.

Applebaum & Mitchell and Fred C. Hutchinson, City At-
torney, for Respondent.

STURTEVANT, J.—To the first amended complaint of
the plaintiff the defendant interposed a demurrer and also
filed a motion to strike. Later the trial court sustained the
demurrer without leave to amend and ordered that the motion
to strike be dropped from the calendar. From the judgment
on sustaining of demurrer the plaintiff has appealed.

The plaintiff sued to recover damages for injuries sustained
when she tripped and fell on an alleged defective sidewalk.
In her complaint she alleged that the defendant is a muni-
cipal corporation; that it maintains among others a side-
walk over and upon the southerly edge of Rose Street in
the city of Berkeley; that on the 3rd day of February, 1940,
said sidewalk was in defective condition; that on said date

plaintiff as a pedestrian was walking along and over said sidewalk, caught her foot in the broken portion, fell and was injured; that she suffered certain physical injuries and specified the same; that by reason of the injuries she was damaged in the sum of $2,500; that on the 29th day of April, 1940, she presented to the clerk of the defendant corporation a claim in writing, a copy of which she annexed to her complaint; that subsequent to said 29th day of April the defendant rejected said claim; and, continuing, she inserted the following allegations: ''That subsequent to the 3rd day of February, 1940, and prior to the 29th day of April, 1940, plaintiff advised defendant orally of the circumstances set forth herein and her name and address; that thereupon and prior to the 29th day of April, 1940, a representative of the City of Berkeley came to the home of affiant and personally discussed with affiant the circumstances hereinabove set forth; that at all times mentioned in the complaint, and now, the residence of plaintiff and her whereabouts has been known to defendant, and plaintiff has been accessible to defendant, notwithstanding plaintiff failed and neglected to include her address in the claim attached hereto, and marked Exhibit 'A,' and defendant suffered no prejudice by reason of the omission thereof.'' The claim contained no specification of address. To that complaint the defendant interposed a demurrer which was both general and special.

In the trial court the defendant contended, and in this court it contends, that the claim filed by the plaintiff with the clerk of the defendant corporation was insufficient because it did not specify the address of the claimant. In support of that contention the defendant claims that the plaintiff's right to sue the defendant for the tort alleged is purely statutory. (Stats. 1923, p. 675, Deering's Gen. Laws, 1937, Act 5619.) It also relies on the provisions of a statute enacted in 1931, page 2475, Deering's Gen. Laws, 1937, Act 5149, regarding the maintenance of such actions. Section 1 of said statute is as follows: ''Claim for damages suffered on public property. Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within

ninety days after such accident has occurred. Such claim shall specify the name *and address* of the claimant, the date and place of the accident and the extent of the injuries or damages received.'' (Italics ours.) Thereupon it contends that it was a condition precedent that the plaintiff should have stated her address in framing the claim which she presented to the defendant corporation. That contention is well founded. Since this action was commenced, and since the trial court entered its judgment, a similar controversy was presented to the court in the case of *Hall* v. *City of Los Angeles,* 19 Cal. (2d) 198 [120 P. (2d) 13]. In that case the plaintiff failed to state the place where the accident occurred. The same contention was made which the defendant makes in this case. The trial court sustained the contentions of the defendant and dismissed the action. An appeal was taken to the District Court of Appeal, Second District, Division Two. The question involved was carefully considered by that court and the judgment of the trial court was affirmed. Later the action was transferred to the Supreme Court and, on December 18, 1941, that court adopted the decision of the District Court of Appeal and added thereto. All of the authorities cited by parties in the instant action were considered. However, after such examination, as shown by the headnotes, the court held that the doctrine of substantial compliance is not applicable to a claim against the city for injuries which fails to state the place where the accident occurred and the city is powerless to waive compliance with the statutory provisions relating to the filing of a claim for damages. In principle there is no difference between failing to allege the place where the accident occurred and failing to allege the address of the claimant.

Continuing the plaintiff relies on the paragraph hereinabove set forth. She asserts that the defendant had such knowledge that it was in no manner prejudiced by her failure to set forth her address. However, that point was also involved in *Hall* v. *City of Los Angeles, supra.* In that case the plaintiff offered to show that the city council was by letter, written by the city attorney, informed of the place where the accident had occurred, and that the agents of the city had examined the spot and inquired into the facts. But the court held that actual knowledge on the part of the city officials of the facts required to be stated in a claim for damages does not dispense with the filing of a proper claim. It is clear, therefore, that

the trial court did not err in sustaining the demurrer interposed by the defendant.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.