[Civ. No. 7214. Third Dist. Dec. 21, 1945.]

ELIZABETH STEWART, Appellant, v. CITY OF RIO VISTA, Respondent.

Sinclair M. Dobbins for Appellant.

Leo C. Dunnell for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against her pursuant to an order sustaining a demurrer to her complaint without leave to amend the pleading. The suit was for damages for personal injuries received as a result of falling into an open ditch maintained

by the city within its limits. The demurrer was sustained on the ground that the complaint fails to state a valid cause of action for the reason that it affirmatively appears from an exhibit attached to the complaint that plaintiff failed to file a claim for damages in the form and manner required by the statute relating to demands for damages for personal injuries against municipalities. (Stats. 1931, p. 2475; 2 Deering's Gen. Laws, 1943, Act 5149, p. 1678.) The defect in the claim which was filed in due time is that it fails to "specify the . . . address of the claimant," as required by the statute.

A complaint for damages for personal injuries sustained by plaintiff was filed March 29, 1944, against the city of Rio Vista, under the act providing for liability of municipalities for the maintenance of dangerous and defective streets and grounds. (Stats. 1923, p. 675, 2 Deering's Gen. Laws, Act 5619, p. 2602.) The injuries were alleged to have been received April 9, 1943, by falling into an open ditch which was dug and maintained by the city within its limits. July 8, 1943, a claim for damages was filed in behalf of the plaintiff, by her attorney. It is attached to the complaint as Exhibit A, and made a part thereof. The claim conforms to the requirements of the statute, with the exception that it fails to "specify the . . . address of the claimant," in the body thereof. The claim was signed by "Elizabeth Stewart, Ray E. Stewart, by Sinclair M. Dobbins, Their Attorney." It was verified by the attorney. His verification contains this language, "That he is an attorney at law . . . and has his office in Vacaville, Solano County, California, and is the attorney for the Claimant . . .; that claimant is unable to make the verification because she is absent from said County."

The only question on appeal is whether the omission *in the claim* to "specify the . . . address of the claimant," is fatal to the maintenance of the action for damages against the city, in spite of the fact that the attorney stated in his verification of the claim of his client that he "has *his office* in Vacaville."

We are of the opinion the claim which was filed in this case is not fatally defective for the mere reason that the address of the claimant is not given in the body of the claim. The name of the claimant is mentioned therein. It was verified by her attorney, who states in the verification that he is her attorney and that his office address is Vacaville, California. Vacaville is not a large city. It is not contended that the mere address of Vacaville would not enable one to readily locate

the office of the attorney. The statute does not require the *residence* of the claimant to be designated. It merely requires the "address" of the claimant to be stated therein. That requirement is for the purpose of enabling the officers of the municipality against which the claim is made to locate or communicate with the claimant. It is not synonymous with the word "residence." (*Ridge* v. *Boulder Creek, etc. School Dist.*, 60 Cal.App.2d 453, 457 [140 P.2d 990].) Quoting with approval from the case of *Uttley* v. *City of Santa Ana*, 136 Cal. App. 23, at page 25, [28 P.2d 377], the court said in the Ridge case:

" 'The purpose of the statute would seem to be accomplished if an address is given *at which or through which the claimant may be found, in order that the city officials may make such investigation of the merits of the claim as may be desired. . . .*' (Emphasis ours)."

 The verification is a necessary part of the claim required by the statute. Since the verification of the claim in this case contains the name and business address of the attorney of the claimant, where the claimant may readily be located it would appear to be a substantial compliance with the statute in that regard. (*Uttley* v. *City of Santa Ana, supra; Ridge* v. *Boulder Creek etc. School Dist., supra.*) In the Uttley case, in which a judgment for plaintiff was affirmed, and a hearing denied by the Supreme Court, it was held that the claim which merely "set forth the name of the plaintiff and the name and office address of his attorney" was an adequate compliance with the statute. In the Ridge case, in which a judgment for plaintiff was also affirmed and a hearing denied by the Supreme Court, it was held that the claim was in substantial compliance with the statute. It merely recited that the claimants, being the father and his minor son were "citizens and residents of the County of Santa Cruz, State of California, and the said R. C. Ridge is the father of the said Walter Ridge, a minor, *who is a student at said Boulder Creek Union High School.*" (Italics added.) In holding that the foregoing language was a sufficient designation of the addresses of both the father and his son, the court said:

"It should be noted that here we are dealing with a statutory requirement designed to give a public agency the knowledge whereby its liability can be investigated."

If the addresses of the claimants in the Uttley and Ridge

cases were sufficiently accurate to comply with the statute, on principle, the statements in the present case that Sinclair M. Dobbins is the attorney for the claimant Elizabeth Stewart, and that he "has his office in Vacaville, Solano County, California," is also an adequate and substantial compliance with the statute in that regard. On authority of the two cases last cited, we conclude that the claim which was filed in this case, which is conceded to be adequate in every other respect, contains a sufficient designation of the address of the claimant to comply with the statute.

In *Kelso* v. *Board of Education*, 42 Cal.App.2d 415 [109 P.2d 29], a judgment for nonsuit was reversed on appeal. One of the issues was with respect to the sufficiency of the claim for damages which was signed, verified and filed by the father in behalf of his minor son, Earl C. Kelso, who was injured while attending school as a result of the dangerous condition of the school grounds. The claim contained the following designation of address: "My son resides with me at 130 North Cedar Street, Glendale, California." That designation of address was properly held to be sufficient to comply with the statute.

It is true that in the case of *Hall* v. *City of Los Angeles*, 19 Cal.2d 198 [120 P.2d 13], in which a judgment of dismissal of the action was affirmed on appeal, the Supreme Court held that:

" 'Compliance with the statute referred to is mandatory and there must be at least a substantial compliance with its provisions before a suit for damages for personal injuries resulting from a defective sidewalk or street may be maintained against the City.' "

The Hall case did not involve an alleged defect of the claim in failing to state therein the address of the claimant. The case was dismissed for failure to state the "place of the accident" as the statute requires. The court said:

"Defendant contends that the failure of plaintiff to specify the place of the accident in the claim is fatal to her right to maintain the present action. . . .

". . . The courts held that a defect in the form of compliance is not fatal so long as there is substantial compliance with the essentials of the requirement. *In the present case, however, there is an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. Substan-*

*tial compliance cannot be predicated upon no compliance."* (Italics added.)

The Hall case is not in conflict with what we have previously said regarding the sufficiency of the designation of the claimant's address in the present case.

In the case of *Eppstein* v. *City of Berkeley,* 52 Cal.App.2d 395 [126 P.2d 365], relied upon by respondent, an order sustaining a demurrer to the complaint for failure to allege that the claim was filed as required by the statute was affirmed on appeal. But in that case the claim contained absolutely no designation of the address. The court said in that regard: "The claim contained no specification of address." That fact distinguishes the Eppstein case from the present action.

The other cases relied upon by the respondent may likewise be distinguished.

The judgment is reversed and the court is directed to overrule the demurrer and permit the defendant to answer.

Adams, P. J., and Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 18, 1946.