[L. A. No. 21216. In Bank. May 11, 1950.]

ORLANDO E. HOLM et al., Appellants, v. CITY OF SAN DIEGO et al., Respondents.

Sweet, Ault & Warner and C. Rupert Linley for Appellants.

McInnis & Hamilton and Jean F. DuPaul, City Attorney, for Respondents.

CARTER, J.—Plaintiffs' action for damages for personal injuries is predicated on the alleged negligence of defendants, city of San Diego, and an employee thereof, in the operation of a motor vehicle by the employee in the course of his employment. The sole basis of liability of defendant city is *respondeat superior*, and there is no claim that the negligence consisted of a dangerous or defective condition of any city property or works. Defendants' demurrer, on the ground that the claim filed by plaintiffs with the city clerk and the employee was defective for lack of plaintiff-claimants' address as required by section 1982 of the Government Code (see, also, § 1981), was sustained and judgment of dismissal followed.

Insofar as the action against defendant city is concerned, the judgment must be reversed for there is no state statute requiring a claim to be filed under the circumstances here presented. (*Ansell* v. *City of San Diego, ante,* p. 76 [216 P.2d 455].)

With reference to the defendant city employee and the claim, it appears that, although the claim does not state plaintiff-claimants' address in those words, it does contain the following: It gives in detail the nature, time and place of the accident giving rise to the claim; in listing the items of expense incurred, it mentions expenses for trips "to San Diego from Lakeside." In this connection, defendants claim there is an inconsistency in that in another part of the claim, it is said that one of the claimants was continuously confined in a hospital, but that presented no obstacle or burden in the path of locating claimants. At the end of the claim, just before claimants' signatures, it is stated: "Signed at Lakeside or La Mesa, Calif."

Substantial compliance suffices to satisfy the claim statutes. (*Knight* v. *City of Los Angeles,* 26 Cal.2d 764 [160 P.2d 779]). The chief purpose of the claim requirement is to

enable the city to make an investigation of the claim and give it an opportunity to settle without litigation. ▮ It is plain from the above mentioned portions of the claim that plaintiffs resided at Lakeside. They had to travel therefrom to San Diego, and it was signed at La Mesa or Lakeside. Those latter towns are only 11 miles from each other and the former had a population, as of the 1940 census, of only 1,500, and the latter, 3,925. There was sufficient information from which the city authorities, without undue trouble, could locate and interview the claimants, and it does not appear that the city was misled or prejudiced. In *Uttley* v. *City of Santa Ana,* 136 Cal.App. 23, 25 [28 P.2d 377], the court held that the office address of the claimant's attorney was sufficient compliance, stating: "Even in that state [Washington] it has been held that 'it is sufficient, therefore, if the notice or claim is not calculated to mislead, but contains such evidence of identity of place and person as to enable the investigating officials to make proper investigation when aided by reasonable inquiry. When, therefore, there is no evident intention to mislead, but a bona fide attempt to comply with the law, the notice is sufficient in the absence of any evidence that it did in fact mislead.' . . . The purpose of the statute would seem to be accomplished if an address is given at which or through which the claimant may be found, in order that the city officials may make such investigation of the merits of the claim as may be desired." In *Stewart* v. *City of Rio Vista,* 72 Cal.App.2d 279 [164 P.2d 274], the only address given was the statement in the verification by the claimant's attorney that he had his office in Vacaville, California. In *Ridge* v. *Boulder Creek etc. School Dist.,* 60 Cal.App.2d 453 [140 P.2d 990], the claim stated that the claimants were residents of Santa Cruz County, and one of them, a minor, is a pupil at Boulder Creek Union High School. The court, in holding that to be enough, stated: "Webster's dictionary defines the word 'address': 'The directions for delivery of a letter; the name or description of a place of residence, business etc., *where a person may be found or communicated with.*' This definition clearly indicates that the word 'address' is not always synonymous with the word 'residence,' although for the purpose of some statutes the courts have so interpreted its meaning. . . .

"In interpreting a similar requirement for filing of a claim in suits against municipalities the court said in *Uttley* v. *City of Santa Ana,* 136 Cal.App. 23, 25 [28 P.2d 377]: 'The purpose of the statute would seem to be accomplished if an address

is given *at which or through which the claimant may be found, in order that the city officials may make such investigation of the merits of the claim as may be desired.* The statute does not definitely require the giving of the claimant's home address or usual business address and it is conceivable that a claimant might have neither a home address nor a permanent business address.. . . In the absence of any showing that the appellant [municipality] was misled or prejudiced, we think the allegations of the complaint are sufficient to show a substantial compliance with the statute.' In that case the court held that the address of the claimant's attorney within the verified claim was a substantial compliance with the statute which required the claimant's address to be in the verified claim. The situation of claimant Walter Ridge is comparable to that of the claimant in the city case. The recital in the claim that Walter Ridge was a student at Boulder Creek Union High School informed the school district where he could be reached the major portion of the daylight hours. A letter addressed to him there would reach him. An inquiry by the school district at that place would have reached him personally or would have revealed his home address. There is no claim that the school district was misled nor that it could have been misled by the information imparted by way of an address of claimant Walter Ridge. . . .

"In deciding what is in fact substantial compliance with a statute no weight should be given to the fact that the information imparted was not intended to comply with the statute. The only issue, as we see it and as the doctrine is enunciated in the cases, concerns the purpose of the statute and whether in fact the acts done subserved the purpose of the statute, complying therewith in substance but not in the exact form prescribed." [Emphasis that of the court.] The remarks in these cases are patently applicable here.

The cases relied upon by defendants are not controlling for they involve a total absence from the claim of a means of locating the claimants, or that with such omission actual knowledge by the city is not enough. Here, however, the face of the claim gives the city the information necessary to find claimants.

The judgment is reversed.

Gibson, C. J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—I cannot follow the reasoning upon which the court bases the conclusion that the plaintiffs substantially

complied with section 1982 of the Government Code which requires that "The claim shall specify the name and address of the claimant. . . ." It is said that the statutory requirement was met because, in their written statement filed with the city, they declared that it was "Signed at Lakeside or La Mesa." But the mention of these places, with the additional information that the amount of the damages claimed ". . . includes the expense of numerous trips to San Diego from Lakeside for various therapy treatments . . ." does not fill the specific mandate of the statute.

Certainly the facts stated in the claim do not bring it within the rule of the decisions which have held compliance to be substantial when information was given from which the claimant's address could be readily obtained. For example, in two cases the address of claimant's counsel was given. (*Uttley* v. *City of Santa Ana,* 136 Cal.App. 23 [28 P.2d 377]; *Stewart* v. *City of Rio Vista,* 72 Cal.App.2d 279 [164 P.2d 274].) In another, the claim was against a school district and a recovery was allowed upon a claim by "Walter Ridge, a minor, who is a student at said Boulder Creek Union High School" because a letter addressed to the pupil at the school would reach him and he could be located at the school the major portion of each day. (*Ridge* v. *Boulder Creek etc. School Dist.,* 60 Cal. App.2d 453 [140 P.2d 990].) But in the present case no compliance whatever is shown. The plaintiffs did not state a residence in either of the towns named. From all that appears, they could have been residents of San Francisco who for a short period of time were temporarily in La Mesa or Lakeside. Even if it be inferred that the claimants live in one of the two towns named, it is doubtful that the Legislature ever intended to impose upon a municipality the burden of finding a claimant with no further information than that he resides in a certain city.

If the true purpose of the code provision is to give the city an opportunity to locate the claimant and possibly negotiate a settlement after investigation of the claim, the address of the claimant should be given with a degree of certainty which will provide more than an inference. In *Eppstein* v. *City of Berkeley,* 52 Cal.App.2d 395 [126 P.2d 365], the address of the claimant was not included in the verified claim, and in *Hall* v. *City of Los Angeles,* 19 Cal.2d 198 [120 P.2d 13], there was no statement of the place where the accident occurred. In each case the claim was held to be fatally defective, al-

though the omitted information was within the actual knowledge of the city.

The court now relies upon the fact that the city of San Diego does not contend that it was misled or prejudiced by the failure to comply with the code provision. But, as indicated by the Eppstein and Hall cases, such a showing is not a necessary part of the municipality's defense. The point is also made that La Mesa and Lakeside are only 11 miles apart and contain a population of 1,500 and 3,925, respectively. Judicial notice may be taken of the fact that any 1940 census for California towns was unreliable at the time of the accident which occasioned this litigation, and a claimant should be required to give some specific information by which he may be located. A liberal construction of section 1982 does not mean complete nullification of it in its most important requirement.

For these reasons I would affirm the judgment as to the individual defendant and reverse it as to the city.

Shenk, J., and Traynor, J., concurred.