Filed 3/26/15  Minor B. v. Stockton Unif. School Dist. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MINOR B., a MINOR, etc.,<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br>STOCKTON UNIFIED SCHOOL DISTRICT et al.,<br><br>    Defendants and Respondents. | C071184<br><br>(Super. Ct. No. 39201000238731CUCRSTK) |

When Minor B., a four-year-old child with autism, allegedly acted up in class, a special needs assistant with the Stockton Unified School District allegedly gave the minor a timeout by placing him in a bathroom with the door closed and the light off.  Nearly 19 months later, the minor (through a guardian ad litem) sued the school district and the assistant asserting violations of various civil rights statutes, false imprisonment, battery, intentional infliction of emotional distress, negligence, and negligent infliction of

1

emotional distress. The trial court granted the school district's motion for summary judgment, ruling that the minor did not comply with applicable government claim requirements and did not demonstrate substantial compliance, equitable estoppel or waiver.

The minor now contends (1) an e-mail from his mother to the school district substantially complied with the government claim requirements; (2) the school district and the assistant are precluded from arguing against substantial compliance with the government claim requirements; (3) the mother's e-mail was a "claim as presented" which required the school district to notify her of deficiencies to avoid waiving a defense based on the deficiencies; (4) the minor's subsequent government claim should also be deemed an application to file a late claim, which the school district was required to grant because the claimant was a minor and he submitted the application within one year of the incident giving rise to his claim; and (5) the school district and the assistant are estopped from asserting a failure to comply with government claim requirements.

Regarding the minor's first contention, we conclude the mother's e-mail to the school district did not substantially comply with the applicable government claim requirements. The minor's remaining contentions are forfeited. We do not consider the minor's second contention because it is not supported by analysis and citation to authority. And we will not consider his third and fourth contentions because they were not raised in the trial court and cannot be asserted for the first time on appeal. Regarding the minor's fifth contention asserting various estoppel arguments, we do not consider them for various reasons, such as that he did not raise them in the trial court on the bases now asserted on appeal, or he did not present the argument in his appellate opening brief under a separate heading and with supporting argument, citation to authority, and factual analysis, or he first raised the arguments in his appellate reply brief without a showing of good cause for the failure to present it earlier.

We will affirm the judgment.

2

BACKGROUND

Our recitation of the background is limited to facts relevant to the contentions on appeal. The minor was a four-year-old child with autism assigned to a classroom at Bush Elementary School in 2008. A teacher was assigned to the classroom, and there were also three special needs assistants assigned to the classroom.

The three assistants supervised the minor on Friday, September 12, 2008, when the teacher was absent from the classroom. At some point during that day, the minor began to act out. When the minor threw something, one of the assistants placed the minor in the classroom bathroom for a timeout.

The assistant later told the minor's grandmother, a teacher with the school district, that she "snatched" the minor by the arm, put him in the bathroom, turned off the light, locked the door, and instructed him to be a good boy. The assistant said she let the minor out of the bathroom when he began to cry. The grandmother reported the incident to the school principal.

That weekend, the minor had accidental bowel movements and urinated in his pants. He was afraid to go in the bathroom and into rooms without light. He kept yelling "dark, dark," crying, and screaming.

On the Monday following the incident, the grandmother recounted to the minor's mother what the assistant had told her. The grandmother told the mother she filed a complaint with the school district and with the principal. The mother also called the principal to complain about the incident. She told the principal she did not want the assistant in the minor's classroom. The mother was relieved when she heard that the assistant was on administrative leave.

The mother did not submit a written complaint to the principal. But she reported the incident to the school district police on September 17, 2008. The school district police interviewed the mother on the day she complained, and subsequently interviewed the grandmother and the assistant. The assistant told the police she did not shut the

3

bathroom door, and light from the classroom illuminated the inside of the bathroom. She told the police she left the minor in the bathroom for two to three minutes until he calmed down, and she could see the minor clearly in the bathroom during that time. The school district police determined there was no criminal activity.

The mother learned on December 8, 2008, that the assistant was back in the minor's classroom. She sent an e-mail to the school district superintendent and three board members the next day, expressing her disappointment with the school, the school district police and the discipline system for the school district. Her e-mail said the assistant unjustly punished her son in September 2008 at Bush Elementary School and that the assistant told the grandmother she "snatched" the minor "up by his arm, put him in the bathroom and turned off the lights and closed the door telling him that he needed to be a good boy." The mother said her son was afraid to go to the bathroom alone and had accidents the weekend following the incident. The e-mail criticized the investigation by the school district police, adding that it was a child cruelty case and that the mother had spoken with "the Principal, Educational Services, Complaints, [School District] Police, and . . . Personnel" and was given the "runaround." In addition, the e-mail said the assistant was recently released from administrative leave and returned to the minor's classroom, but the mother did not want her in the minor's classroom. The mother asked the superintendent and board members to "help . . . remediate this situation."

The mother filed a complaint with the United States Department of Education, Office for Civil Rights (federal DOE) on or about April 8, 2009. The complaint alleged disability harassment and failure to adequately respond to an internal complaint the mother made in September 2008. The letters in the record from the federal DOE to the mother do not indicate that the minor or the mother demanded compensation for any injuries the minor may have suffered. The federal DOE determined there were no facts to indicate the school district failed to respond to the mother's complaint.

4

The mother also submitted a request for complaint investigation to the California Department of Education (California DOE) on August 9, 2009. The request said an investigation was necessary because the assistant had returned to work, and the mother was deceived into believing the school district was terminating the assistant's employment. The California DOE subsequently found the assistant's actions subjected the minor to emotional trauma and the school district violated section 3052 of Title 5 of the California Code of Regulations, which prohibits a public education agency from authorizing any intervention used or likely to subject an individual to verbal abuse, ridicule or humiliation or which can be expected to cause excessive emotional trauma.

The mother informed the school district police in August 2009 that two other assistants were in the classroom during the September 12 incident, and the school district police had not interviewed them during its investigation. The school district police interviewed the two assistants on August 13, 2009. One of those assistants told police that the assistant who led the minor into the bathroom for a timeout held the door closed as the minor tried to get out and the minor was in the bathroom crying and trying to get out for five to ten minutes. The other assistant told police it was not typical to use the bathroom for a timeout.

The minor presented a claim to the school district on August 26, 2009. The claim included (a) the names of the minor and the mother, (b) the minor's address, (c) the date, time and location of the incident, (d) that the claim was in excess of $10,000, (e) the names of the employees who allegedly caused the minor's loss, and (f) the names of witnesses. The claim said the incident occurred on September 12, 2008 through May 29, 2009, and on June 25, 2009. It said the assistant locked the minor in the bathroom with the lights off as a form of punishment for two to three minutes; that the minor is autistic; and that the minor suffered emotional distress as a result of the incident.

On October 9, 2009, the school district rejected the minor's timely claim as to matters which occurred within six months of the filing of the claim. As to such matters,

5

the notice of rejection warned the minor that subject to certain exceptions, he must file a court action on his claim within six months of the date the notice of rejection of claim was served on him. But the notice also rejected as untimely the portion of the claim pertaining to the September 12, 2008 incident. As to the untimely portion of the claim, the notice said the minor's only recourse was to apply for leave to present a late claim.

The minor submitted an application to present a late claim to the school district on November 25, 2009. A copy of the August 26, 2009 claim was attached to the late-claim application. The application stated that the incident occurred on September 12, 2008 through February 27, 2009, and that the reason for the late filing was that the claimant was a minor with a disability and his claim was for an ongoing course of conduct.

The school district rejected the minor's late-claim application within 45 days of the date the application was presented. The notice of rejection informed the minor that if he wished to file a court action, he must petition the appropriate court for an order relieving him from the provisions of Government Code section 945.4, within six months from the date of denial of his late-claim application.

Within six months of the January 7, 2010, notice of rejection, the minor filed a lawsuit against the school district and the assistant. The complaint alleged causes of action for violations of the Unruh Civil Rights Act (Civ. Code, §§ 51, 52), the Ralph Act (Civ. Code, §§ 51.7, 52), the Bane Act (Civ. Code, § 52.1), and the Disabled Persons Act (Civ. Code, §§ 54.1, 54.3). It also asserted causes of action for false imprisonment, battery, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. But the minor did not file a petition for an order relieving him from the claim-filing requirements.

The school district and the assistant moved for summary judgment or, in the alternative, summary adjudication on each cause of action in the complaint on the ground that the minor failed to comply with government claim requirements. The minor opposed the motion. The trial court granted the motion for summary judgment. The trial court

6

determined the minor's causes of action accrued by mid-September 2008, when the mother learned from the grandmother what the assistant admitted doing to the minor. The trial court concluded that the minor's August 26, 2009 claim and November 29, 2009 late-claim application were untimely, and it rejected the minor's arguments regarding equitable estoppel, waiver, and substantial compliance. The trial court said the mother's December 9, 2008 e-mail to the superintendant and board members did not substantially comply with the claims statute because the e-mail did not threaten litigation and it did not provide other necessary information.

STANDARD OF REVIEW

A defendant moving for summary judgment may demonstrate that the plaintiff's cause of action has no merit by showing that one or more elements of the cause of action cannot be established. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Aguilar*).) If a defendant meets this threshold burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar, supra*, 25 Cal.4th at p. 850.) The plaintiff may not simply rely on the allegations of its pleadings but, instead, must set forth the specific facts showing the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2).)

In ruling on the motion, the court must consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court, and all inferences reasonably deducible from the evidence. (Code Civ. Proc., § 437c, subd. (c).) The court views the evidence and inferences in the light most favorable to the opposing party, liberally construing the opposing party's evidence while strictly scrutinizing the moving party's showing and resolving any evidentiary doubts or ambiguities in favor of the opposing party. (*Aguilar, supra*, 25 Cal.4th at p. 843; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*).) If the court concludes that the evidence or inferences raise a triable issue of material fact, it must

7

deny the defendant's motion. (*Ibid.*) But the court must grant the defendant's motion if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)

We review an order granting summary judgment de novo. (*Aguilar, supra*, 25 Cal.4th at p. 860.) The trial court's stated reasons for granting summary judgment are not binding on us because we review its ruling, not its rationale. (*Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694.) We independently examine the record to determine whether a triable issue of material fact exists. (*Saelzler, supra,* 25 Cal.4th at p. 767.)

In general, the rules relating to the scope of appellate review apply to the appellate review of summary judgments. (*DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 676 (*DiCola*).) The appellant bears the burden of showing error. (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.) " '[D]e novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues. As with an appeal from any judgment, it is the appellant's responsibility to . . . point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed.' " (*Ibid.*) We limit our review to the evidence presented in the trial court.[1] (*DiCola, supra,* 158 Cal.App.4th at p. 676; *Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1601.) And we do not consider arguments raised for the first time on appeal.

---

[1] The minor's appellant's opening brief attaches pages from a deposition transcript that are not included in the clerk's transcript. And the minor's reply brief includes an excerpt from a deposition transcript that is not in the clerk's transcript. We cannot consider those submissions.

(*DiCola, supra,* 158 Cal.App.4th at p. 676.) " '[P]ossible theories that were not fully developed or factually presented to the trial court cannot create a "triable issue" on appeal.' [Citation.] 'A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.' [Citation.]" (*Ibid.*)

## DISCUSSION

### I

The minor argues the mother's December 9, 2008 e-mail to the school district superintendent and board members substantially complies with applicable government claim requirements.

Under the Government Claims Act (Gov. Code, § 900 et seq.),[2] except in cases not applicable here, no suit for money or damages may be brought against a public entity on a cause of action for money or damages until a written claim has been presented to the public entity and has been acted upon or deemed to have been rejected by the governing body of that entity. (§§ 900.2, 905, 940.2, 945.4.) The timely presentation of a pre-lawsuit claim is an element of the plaintiff's cause of action. (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209.) Accordingly, the failure to timely present a proper claim for money or damages is fatal to a plaintiff's lawsuit against a public entity. (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 990.)

A claim relating to a cause of action for injury to person must be presented not later than six months after the accrual of the cause of action. (§ 911.2, subd. (a).) The date of accrual is the date upon which the cause of action would be deemed to have

---

[2] Undesignated statutory references are to the Government Code.

accrued within the meaning of the applicable statute of limitations if there were no requirement that a claim be presented to the public entity.[3] (§ 901.)

Claims against a school district are subject to the claims statute. (§§ 900.4, 940.4; see, e.g., *Tietz v. Los Angeles Unified School Dist.* (1965) 238 Cal.App.2d 905, 911-912.) The claims statute also applies to claims by injured minors. (*Ridley v. San Francisco* (1969) 272 Cal.App.2d 290, 293.) An action against a public employee is barred when an action against the employing public entity would be barred by the plaintiff's failure to comply with the claims statute. (§ 950.2; 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 252, p. 334.) Here, the minor is required to comply with the claims statute because he seeks monetary damages against the school district.

A "claim" is a notice that complies with sections 910 and 910.2. (*Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699, 707 (*Phillips*).) Section 910 requires a claim to set forth all of the following: (1) the name and post office address of the claimant; (2) the post office address to which the person presenting the claim desires notices to be sent; (3) the date, place and other circumstances of the occurrence or transaction which gives rise to the claim asserted; (4) a general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim; (5) the name or names of the public employee or employees causing the injury,

---

[3] In the trial court, the minor disputed defendants' argument that his causes of action accrued on September 14, 2008. The minor argued, instead, that his causes of action accrued in August 2009, when the mother confirmed that the assistant engaged in wrongdoing. The minor does not assert delayed discovery in his appellate briefs, however. Instead, he assumes that the trial court's determination that his causes of action accrued in mid-September 2008 is correct. But, during oral argument, the minor urged he was not required to file a tort claim until his mother confirmed the misconduct by the assistant. The minor did not explain why he did not raise the claim urged during oral argument in his appellate briefs. We will not consider the belated claim. (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.)

damage, or loss, if known; and (6) the amount claimed if it totals less than $10,000 as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. (§ 910.) If the amount claimed exceeds $10,000, no dollar amount shall be included in the claim. (*Ibid*.) However, the claimant must indicate whether the claim would be a limited civil case. (*Ibid*.) The claimant or some person on the claimant's behalf must sign the claim. (§ 910.2.)

The purpose of requiring a plaintiff to submit a pre-lawsuit claim to the public entity is not to prevent surprise, but to give "the entity an opportunity to promptly remedy the condition giving rise to the injury, thus minimizing the risk of similar harm to others;" permit "the public entity to investigate while tangible evidence is still available, memories are fresh, and witnesses can be located;" and permit "early assessment by the public entity, allow[ing] its governing board to settle meritorious disputes without incurring the added cost of litigation, and giv[ing] it time to engage in appropriate budgetary planning." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738; *Shirk v. Vista Unified School Dist*., *supra*, 42 Cal.4th at p. 213.)

"Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements . . . even though it is technically deficient in one or more particulars.' " (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38.) Substantial compliance is at least some compliance with each of the statutory requirements. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 769.) However, "[t]he doctrine of substantial compliance . . . 'cannot cure [a] total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute.' " (*Connelly v. County of Fresno*, *supra*, 146 Cal.App.4th at p. 38.)

11

It is undisputed that the mother's e-mail does not state (1) the name of the claimant (i.e., the minor),[4] (2) any post office address, (3) the amount of any damages claimed, (4) whether the amount of any damages claimed exceeded $10,000, and (5) whether a lawsuit based on the minor's claim would be a limited civil case. The e-mail also does not contain a signature by the plaintiff or some person on his behalf, as required under section 910.2.[5] When, as here, a plaintiff's claim does not attempt to provide each of the categories of information required by section 910, "there is an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. Substantial compliance cannot be predicated upon no compliance." (*Hall v. Los Angeles* (1941) 19 Cal.2d 198, 202.)

The minor nonetheless argues there was substantial compliance as the school district was aware of his postal address. The contention is contrary to settled law. A public entity's actual knowledge of the plaintiff's address or any of the facts required to be stated in a claim for damages does not dispense with the requirement of filing a proper claim. (*City of Stockton v. Superior Court, supra,* 42 Cal.4th at p. 738; *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455; *Hall v. Los Angeles*, *supra,* 19 Cal.2d at pp. 201-203; *Dilts v. Cantua Elementary School Dist.* (1987) 189 Cal.App.3d 27, 32 (*Dilts*); *Eppstein v. Berkeley* (1942) 52 Cal.App.2d 395, 396-398.)

The minor says the mother's e-mail identifies his injury because it says he had difficulty using the bathroom, and the mother asked for help "to remediate this situation." The remedy the mother sought in her e-mail was the assistant's permanent removal from

---

[4] The e-mail states the mother's name, but the minor and the mother have different last names.

[5] The minor states, without citation to authority, that a claim need not be signed. This unsupported claim is forfeited. (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1 (*Okasaki*); *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656 (*Keyes*).)

the minor's classroom and arguably a more thorough investigation by the school district police. Even though the mother said in her e-mail that the minor had accidents all weekend following the incident and he was petrified to go into the bathroom without someone accompanying him, she did not make any demand for monetary damages. The mother's e-mail did not satisfy the purposes of the claims statute to allow a public entity to settle meritorious disputes and to engage in fiscal planning because it did not give the school district notice that the minor sought payment for damages.

The minor also says he should not be precluded from filing his lawsuit because the school district had actually investigated the September 12 incident. A public entity's investigation into the incident surrounding the plaintiff's injuries does not, however, excuse the filing of a written claim. (*Allen v. Los Angeles City Board of Education* (1959) 173 Cal.App.2d 126, 129.) In any case, the record does not contain evidence that the school district investigated whether the minor was injured during the September 12 incident or the nature or extent of his injuries, which would have been relevant to its assessment of whether to settle and its fiscal planning.

*Newman v. San Joaquin Delta Cmty. College Dist*. (E.D. Cal. 2011) 814 F.Supp.2d 967 and *Santos v. Merritt College* (N.D. Cal., Oct. 14, 2008, No. C-07-5227 EMC) 2008 U.S. Dist. Lexis 111180, cases which the minor cites, do not help him. Unlike the mother's e-mail, the documents the plaintiffs submitted in *Newman* requested compensation and sought specific sums for general and punitive damages. (*Newman, supra,* 814 F.Supp.2d at p. 983, fns. 13 and 16.) Similar to the mother's e-mail, none of the complaints in *Santos* asserted a claim for monetary damages. Hence, the district court found the plaintiff did not substantially comply with the claims statute. (*Santos, supra*, 2008 U.S. Dist. Lexis 111180, at pp.*9-10.)

*Flanagan v. Benicia Unified School District* (E.D. Cal., Feb. 14, 2008, No. CIV S-07-333 LKK/GGH) 2008 U.S. Dist. Lexis 108432, another case the minor cites, also offers the minor no assistance because the district court there had to accept as true, on a

13

motion to dismiss, the allegation in the plaintiff's amended complaint that the documents the plaintiff submitted were claims for damages. (*Id.* at pp. *3, 12.) Here, we are required to determine whether, based on the undisputed facts, the mother's e-mail constitutes a claim under the claims statute.

We conclude the mother's e-mail does not substantially comply with each of the sections 910 and 910.2 requirements and, thus, it cannot be considered a claim under the claims statute. (*Phillips, supra,* 49 Cal.3d at p. 708, fn. 7; *Del Real v. City of Riverside, supra,* 95 Cal.App.4th at p. 769; *Wood v. Riverside Gen. Hosp.* (1994) 25 Cal.App.4th 1113, 1118; *Dilts, supra,* 189 Cal.App.3d at pp. 37-38; *Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1083; *Tyus v. City of Los Angeles* (1977) 74 Cal.App.3d 667, 671-72.) The minor is correct that "the Legislature intended to accord special solicitude to the claims of injured minors, and generally intended to require a public entity to accept a late claim filed on behalf of a minor so long as the [late-claim] application is filed with the entity within one year of the accrual of the cause of action." (*Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1028.) But this general principle does not help the minor show that the mother's December 9, 2008 e-mail (which the minor does not contend is a late-claim application) substantially complied with sections 910 and 910.2.

In his reply brief, the minor cites *Dilts*, *supra*, 189 Cal.App.3d 27 for the proposition that there is substantial compliance with the claims statute when the public entity has actual knowledge of the claim within the presentment period. *Dilts* said, however, that a plaintiff must comply with the claims-presentation requirements even where the public entity has full knowledge of the claim and related circumstances. (*Id.* at p. 32.) The minor's argument also assumes the minor made a claim for damages through the mother's e-mail. We cannot accept the minor's assumption for the reasons we have stated.

14

## II

The minor claims the school district and the assistant are precluded from arguing against substantial compliance with the government claim requirements. The minor says this is so because the school district understood the mother's e-mail as a request for damages and believed a lawsuit would be filed if the request was not resolved. But the minor's contention is not supported by analysis and citation to authority. Accordingly, we need not consider it. (*Okasaki, supra,* 203 Cal.App.4th at p. 1045, fn. 1; *Keyes, supra,* 189 Cal.App.4th at p. 656 ["It is the appellant's responsibility to support claims of error with citation and authority; this court is not obligated to perform that function on the appellant's behalf."].)

In any event, admissible evidence does not support the minor's assertions. The minor cites page 55 of the reporter's transcript, but the reporter's transcript does not contain a page 55. The minor also cites to plaintiff's separate statement of fact number 15 and excerpts from deposition transcripts, but those items do not say that the school district viewed the mother's e-mail as a claim for damages or that the school district believed a lawsuit would be filed.

## III

The minor also argues the mother's e-mail was a "claim as presented" which required the school district to notify her of deficiencies to avoid waiving a defense based on the deficiency. However, the minor did not raise this contention in the trial court, and it may not be raised for the first time on appeal. (*Franz v. Board of Medical Quality Assurance* (1982) 31 Cal.3d 124, 143 (*Franz*) [issue not raised in the trial court is waived]; *DiCola, supra,* 158 Cal.App.4th at p. 676; *Westcon Construction Corp. v. County of Sacramento* (2007) 152 Cal.App.4th 183, 194.) But we would reject the contention even if we were to consider it on its merits. A document constitutes a "claim as presented" triggering the deficiency notice requirements of sections 910.8 and 911 if it discloses the existence of a claim which, if not satisfactorily resolved, will result in a

15

lawsuit against the entity. (*Phillips, supra*, 49 Cal.3d at p. 709; see also *Westcon Const. Corp. v. County of Sacramento, supra,* 152 Cal.App.4th at p. 202.)[6] Here, the mother's e-mail did not contain a claim for monetary damages against the school district. It did not demand compensation for any injury and it did not disclose the intent to sue, distinguishing the e-mail from the communications in *Phillips, supra*, 49 Cal.3d 699 and *Alliance Financial v. City and County of San Francisco* (1998) 64 Cal.App.4th 635 (*Alliance Financial*).

The minor claims the school district's conduct resulted in a waiver of any defense asserting that the mother's e-mail was deficient. The point is forfeited by the minor's failure to provide citations to supporting authority regarding that waiver claim. (*Okasaki, supra,* 203 Cal.App.4th at p. 1045, fn. 1; *Keyes, supra,* 189 Cal.App.4th at p. 656.) We are not obligated to fill this gap in the minor's case. (*Keyes, supra,* 189 Cal.App.4th at p. 656.) And as we have explained, the portions of the record the minor cites do not support his assertions.

The minor also complains the school district presented additional evidence in the reply papers it submitted in the trial court. Even though the minor objects on appeal to the additional portions of the mother's deposition testimony submitted with the reply brief defendant filed in the trial court, the minor relies on some of that testimony in her appellate opening brief. In any case, the minor did not object on the basis raised on appeal in the trial court. The objection is, thus, waived. (*California Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Estate Group* (2011) 193 Cal.App.4th 849, 861; *Jimenez v. County of Los Angeles* (2005) 130 Cal.App.4th 133, 140.)

---

[6] A claim as presented is a claim that fails to comply substantially with sections 910 and 910.2. (*Phillips, supra*, 49 Cal.3d at p. 707.) In contrast, a claim is a notice that complies with sections 910 and 910.2. (*Ibid.*) It is only a claim as presented that triggers the notice and waiver-defense provisions of the claims statute. (*Id.* at pp. 707-708.)

16

IV

The minor next contends the government claim he submitted on August 26, 2009, should also be deemed an application to file a late claim, which the school district was required to grant because the claimant was a minor and he submitted the application within one year of the incident giving rise to his claim. (§§ 911.4, subds. (a), (b) & (c)(2), 946.6, subd. (a).)

The minor did not argue in opposition to the school district's and the assistant's summary judgment/summary adjudication motion that the claim he submitted on August 26, 2009, should also be deemed an application to file a late claim. We decline to consider points that were not asserted in the trial court. (*Franz, supra,* 31 Cal.3d at p. 143; *DiCola, supra,* 158 Cal.App.4th at p. 676.) In any event, the minor's assertion that the August 26, 2009 claim should be deemed an application to file a late claim is not supported by the document. A claim is distinct from an application to file a late claim. (§§ 910, 910.2, 910.6, 910.8, 911.2-912.2.) The August 26, 2009 claim does not seek permission to file a late claim, does not indicate that the minor's claim was late, and does not show that the delay in filing was not attributable to any lack of diligence on the part of the minor. (*Hernandez v. County of Los Angeles, supra,* 42 Cal.3d at p. 1031; *McMartin v. County of Los Ange*les (1988) 202 Cal.App.3d 848, 861 [minors were not entitled to relief to file a late claim where their claims and late-claim applications did not state or show that they were not responsible for the delay in filing their claims].)

V

The minor further contends the school district and the assistant are estopped from asserting a failure to comply with government claim requirements. He asserts various estoppel arguments, all of which are forfeited.

A

The minor argued in the trial court that the school district misled the mother about whether the assistant locked the minor in the bathroom. He claimed that as a result of its

17

deception, the school district was equitably estopped from denying that the minor's cause of action did not accrue until sometime after September 2008 and that the minor filed a claim for damages within six months after the accrual date. But the minor did not raise this equitable estoppel argument in his appellate opening brief. [7] We do not address the minor's argument on appeal that the trial court erred in assessing the mother's credibility on the issue of reliance because that portion of the trial court's ruling related to the equitable estoppel claim which the minor raised in the trial court but not on appeal.

B

The minor says the school district and the assistant are estopped from asserting that the mother's e-mail was deficient, and the trial court was "precluded from ruling based on a waived ground." To the extent the minor attempts to raise an equitable estoppel claim he did not advance in the trial court, we do not consider claims raised for the first time on appeal. (*Franz, supra,* 31 Cal.3d at p. 143; *DiCola, supra,* 158 Cal.App.4th at p. 676.) The claim is also forfeited by the minor's failure to present the point in his appellate opening brief under a separate heading and with supporting argument, citation to authority, and factual analysis. (*Okasaki, supra,* 203 Cal.App.4th at p. 1045, fn. 1; *Keyes, supra,* 189 Cal.App.4th at p. 656.)

C

In his appellate reply brief, the minor contends the school district is equitably estopped from arguing that his November 25, 2009 application to file a late claim was untimely because the school district's notice of rejection of his August 26, 2009 claim said the minor's only recourse was to apply to the school district for leave to present a

---

[7] The minor asserted this equitable estoppel argument during appellate oral argument. We do not consider the argument because there is no showing of good cause for the minor's failure to raise it earlier on appeal. (*Opdyk v. California Horse Racing Bd.*, *supra*, 34 Cal.App.4th at p. 1830; *Dills v. Redwoods Associates, Ltd.*, *supra*, 28 Cal.App.4th at p. 890, fn. 1.)

late claim.  The minor may not assert a contention for the first time in a reply brief without a showing of good cause for the failure to present it earlier.  (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10; *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)  Moreover, the minor did not assert this basis for equitable estoppel in the trial court, and he may not do so for the first time on appeal.[8] (*Franz, supra,* 31 Cal.3d at p. 143; *DiCola, supra,* 158 Cal.App.4th at p. 676.)

DISPOSITION

The judgment is affirmed.


      MAURO      , J.


We concur:


      BUTZ      , Acting P. J.


      MURRAY      , J.

---

[8] The minor argued in the trial court that the school district waived any claim that the minor's November 25, 2009 late-claim application was not timely filed because the school district's notice of claim rejection said the minor could submit a late-claim application to the school district.  "Waiver" and "estoppel" are distinct doctrines with different elements.  (*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd*. (1994) 30 Cal.App.4th 54, 59.)  The minor did not argue in the trial court that his claim concerning the school district's notice of claim rejection was also based on the doctrine of equitable estoppel.